**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MEDVIN OBED AVALOS FLORIAN, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,** | |
| **Plaintiff,** | **Case No. 16-cv-02243** |
| **v.** | |
| **VILLAGE PIZZA AND PUB, LLC, an Illinois limited liability company, d/b/a VILLAGE PIZZA AND PUB, and MARCELLA SARILLO, an individual,** | |
| **Defendants.** | |

**COMPLAINT**

The Plaintiff, Medvin Obed Avalos Florian ("Plaintiff" or "Avalos Florian"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Village Pizza and Pub, LLC d/b/a/ Village Pizza and Pub ("Village Pizza and Pub") and Marcella Sarillo ("Sarillo"), as follows:

**Nature of the Suit**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff, and other kitchen employees, worked more than 40 hours in individual workweeks and were not paid overtime compensation by Defendants. This case is brought as a collective action

under 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party is attached as Exhibit A.

**Jurisdiction and Venue**

2.        This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3.        Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**The Parties**

4.        Plaintiff Avalos Florian is a former employee of the Defendants. Plaintiff worked during the last three years before the filing of this suit until approximately May 2015.

5.        During the course of his employment, Plaintiff regularly handled goods, including perishable food and food products, that moved in interstate commerce.

6.        Plaintiff resides in and is domiciled within this judicial district.

7.        Defendant Village Pizza and Pub is operated by Village Pizza and Pub, LLC, an Illinois limited liability company, and is doing business as Village Pizza and Pub restaurant at 2496 N. Randall Rd, Elgin, IL 60123. The corporate officers and registered agent for Defendant Village Pizza and Pub are also located within this judicial district.

8.        Upon information and belief, Defendant Village Pizza and Pub earned more than $500,000 in annual gross revenue during 2012, 2013, 2014 and 2015.

9.        Upon information and belief, Defendant Sarillo is an owner of Defendant Village Pizza and Pub.

10.        Defendant Sarillo is one of the two managing members of Village Pizza and Pub,

LLC.

11.     Defendant Sarillo hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records.

12.     Upon information and belief, Defendant Sarillo resides in and is domiciled within this judicial district.

### Common Allegations

13.     Plaintiff, and other kitchen employees including cooks and dishwashers (the "kitchen employees"), were directed to work, and did work, more than 40 hours in individual workweeks.

14      Plaintiff was typically scheduled to work from 8:00 a.m. to 3:00 p.m. on Monday, 8:00 a.m. to 10:00 p.m. on Tuesday, 8:00 a.m. to 4:00 p.m. on Wednesday, 8:00 a.m. to 10:00 p.m. on Thursday, 8:00 a.m. to 2:00 p.m. on Friday, and 10:00 a.m. to 4:00 p.m. on Saturday and Sunday.

15.     Based on his work schedule, Plaintiff worked over 60 hours in individual workweeks.

16.     In addition, Plaintiff frequently worked additional hours beyond his schedule which caused him to work more than 70 hours in individual workweeks.

17.     Defendants paid Plaintiff on an hourly basis.

18.     Plaintiff's hourly rate of pay was $13.25.

19.     Defendants paid Plaintiff in check for less than 40 hours or less in individual workweeks (or 80 hours or less in a bi-weekly pay period) and paid him in cash for his remaining hours, most of which were overtime compensable.

20.     Defendants paid Plaintiff cash for his remaining hours, including hours worked over 40 in a workweek, at his straight-time rate.

21.     In order to facilitate this scheme, Defendants ordered Plaintiff, and other kitchen employees, to clock-in and clock-out for 40 hours or less per week.

22.     Defendants did not compensate Plaintiff, and other kitchen employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

23.     Defendants did not pay Plaintiff, and other kitchen employees, an overtime premium when they worked more than 40 hours in a workweek. Defendants' cash payments for hours in excess of 40 in individual workweeks were paid at straight-time rates.

24.     In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

25.     Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

26.     Plaintiff hereby incorporates paragraphs 1 through 25 as though stated herein.

27.     During the last three years before the filing of this suit, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

28.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

29.     During the course of Plaintiff's employment, Defendants employed other kitchen employees who were similarly not exempt from the overtime wage provisions of the FLSA.

30.     During the last three years before the filing of this suit, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

31.     Defendant Village Pizza and Pub was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

32.     Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt kitchen employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

33.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

34.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants ordered Plaintiff and other employees to not record compensable overtime hours on the point of sale system. Defendants also paid Plaintiff's wages in cash in order to avoid reporting employee work time and their own failure to pay employees their overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiff, Medvin Obed Avalos Florian, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Village Pizza and Pub, LLC d/b/a/ Village Pizza and Pub and Marcella Sarillo, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

35.      Plaintiff hereby incorporates paragraphs 1 through 25 as though stated herein.

36.      During the last three years before the filing of this suit, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

37.      Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

38.      During the course of Plaintiff's employment, Defendants employed other kitchen employees who were similarly not exempt from the overtime wage provisions of the IMWL.

39.      During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

40.      Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt kitchen employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

41.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Medvin Obed Avalos Florian, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Village Pizza and Pub, LLC d/b/a/ Village Pizza and Pub and Marcella Sarillo, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Dated: February 16, 2016

Respectfully submitted,
Medvin Obed Avalos Florian, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff

/s/ Nicholas P. Cholis
_____
One of Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net